## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## COLUMBIA DIVISION

| | |
|---|---|
| Lois M. Ball, ) | C/A No. 3:11-1519-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| City of Columbia, City of Columbia Police ) | |
| Department, CPD Sgt. Andre Williams, ) | |
| CPD Officer Jennifer Jordan, Certain ) | |
| Unnamed Officers and Employees of the ) | |
| City of Columbia Police Department and ) | |
| the City of Columbia, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Lois M. Ball ("Plaintiff") brings this action pursuant to 42 U.S.C § 1983 ("Section 1983" or "§ 1983") against Defendant Andre Williams ("Defendant Williams") and Defendant Jennifer Jordan ("Defendant Jordan"), alleging violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights. ECF No. 36 at 9 ¶ 46. In addition, Plaintiff alleges a state law claim for negligence and/or gross negligence under the South Carolina Tort Claims Act ("Tort Claims Act") against the City of Columbia ("COC") and COC Police Department ("CPD") (collectively "Defendant City").[1] Id. at 5-7. Plaintiff has also named certain unnamed officers and employees of COC and CPD (the "Unnamed Defendants") as defendants in this action. Id. at 2 ¶ 6. Plaintiff seeks actual, compensatory, special, and punitive damages, including attorney's fees pursuant to 42 U.S.C. § 1988. Id. at 10.

---

[1] Defendant Williams, Defendant Jordan, and Defendant City are collectively referred to as "Defendants."

1

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2010, Defendant Williams, a sergeant with CPD, responded to a call that the First Citizens Bank on Rosewood Drive in Columbia, South Carolina had been robbed. ECF No. 91-4 at 2 ¶ 4. When he arrived at the scene of the robbery, Defendant Williams observed the robbery suspect, Douglas Green ("Green"), fleeing on foot. Id.; ECF No. 100-1. Green approached a green Mazda Protege (the "Mazda") and forcefully removed the female occupant that was in the vehicle. ECF No. 91-6 at 2; ECF No. 100-1 at 1. After taking control of the Mazda, Green proceeded down Rosewood Drive at a high rate of speed. ECF No. 91-6 at 2. Defendant Williams, who was driving a marked COC police vehicle, activated his blue lights and siren and began a high-speed pursuit of Green. ECF No. 91-4 at 3 ¶ 5; ECF No. 94 at 2. Shortly thereafter, Defendant Jordan, an officer with CPD, observed Green traveling down Rosewood Drive, with Defendant Williams in pursuit. ECF No. 91-3 at 3 ¶¶ 4, 5. Defendant Jordan activated her blue lights and siren and joined the pursuit. Id.

Green continued to evade Defendant Williams and Defendant Jordan (collectively the "Defendant Officers") as he proceeded towards the intersection of Rosewood Drive and South Kilbourne Road, where Plaintiff was in her vehicle waiting at a red light. ECF No. 36 at 3 ¶ 9; ECF No. 94 at 2. The chase ended when Green lost control of the Mazda and collided into several vehicles, one of which included Plaintiff. Id. at 36 ¶ 11. As a result of the accident, Plaintiff is quadriplegic and suffers from "lock-in" syndrome.[2] Id. ¶ 13.

---

[2] Plaintiff has full use of her cognitive abilities, but is unable to speak or move. ECF No. 94-2 at 1 ¶ 7.

On June 21, 2011, Plaintiff and her son ("Plaintiffs") filed a complaint with this court. ECF No. 1.  In their first cause of action, Plaintiffs alleged that Defendant City's actions constituted negligence and/or gross negligence under the Tort Claims Act.  Id. at 6-7.  Plaintiffs brought their second cause of action against Defendant Williams and Defendant Jordan for constitutional violations pursuant to Section 1983.  Id. at 7-10.  On July 12, 2011, Defendant City answered the complaint denying Plaintiffs' claims.  ECF No. 9.

On December 9, 2011, Plaintiff informed the court of her intention to amend the complaint to remove her son as a plaintiff.  ECF No. 35.  Plaintiff filed her amended complaint on January 27, 2011, alleging the same causes of action noted above.  ECF No. 36.  On February 1, 2012, Defendant City answered Plaintiff's amended complaint.  ECF No. 38.  Defendant Williams and Defendant Jordan answered the complaint on February 2, 2012.  ECF No. 39.

Defendants Williams and Jordan filed a joint motion for summary judgment on August 16, 2013.  ECF No. 90.  On August 30, 2013, Defendant City filed a motion for summary judgment. ECF No. 91.  On September 13, 2013, Plaintiff responded in opposition to Defendants' motions for summary judgment, to which Defendants filed a joint reply on September 23, 2013.  ECF Nos. 94, 97.

## II.  LEGAL STANDARD AND ANALYSIS

### A.  Standard

#### 1.  Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect the disposition of

the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "properly support . . . assertion[s] of fact" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

### 2. Claims pursuant to 42 U.S.C. § 1983

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271

4

(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To establish a cause of action under Section 1983, a plaintiff must allege: 1) the violation of a right protected by the Constitution or laws of the United States, and 2) that the defendant was acting under color of law. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

### a. Fourth Amendment Seizure

"The Fourth Amendment covers only searches and seizures . . . ." County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (internal quotation marks omitted). "[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby) . . . ." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989). Further, there is no seizure when "there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement *through means intentionally applied.*" Id. (emphasis in original).

### b. Due Process: Fifth and Fourteenth Amendments

The Due Process Clause of the Fifth Amendment prohibits the United States "from depriving any person of life, liberty, or property without due process of law." McNeil v. Butz, 480 F.2d 314,

5

318 (4th Cir. 1973) (internal quotation marks omitted); see also United States v. Hornsby, 666 F.3d 296, 310 (4th Cir. 2012) ("[D]ue [P]rocess protections against the federal government are found in the Fifth Amendment."). The Fifth Amendment only applies to the actions of the federal government, not state or local officials. See United States v. Al-Hamdi, 356 F.3d 564, 573 n.11 (4th Cir. 2004) ("[A]ctions of the federal government are reviewed under the Fifth Amendment.").

Under the Fourteenth Amendment, no State may "deprive any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV. There are three kinds of Fourteenth Amendment Due Process claims that may be brought under 42 U.S.C. § 1983. Zinermon v. Burch, 494 U.S. 113, 125 (1990). First, claims may be brought for the denial of those specific protections in the Bill of Rights that have been made applicable to the states. Id. Second, an individual may bring claims under the substantive component of the Due Process Clause "that bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them.'" Id. (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Finally, a claim may be brought for a violation of procedural due process, which prohibits the deprivation of life, liberty, or property without "fair procedure." Id.

To establish Fourteenth Amendment liability in the context of a police pursuit, a plaintiff must allege conduct that "shock[s] the conscience." Lewis, 523 U.S. at 855. "[I]n a high-speed automobile chase aimed at apprehending a suspected offender . . . only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience . . . ." Id. at 836.

### c. Cruel and Unusual Punishment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments . . . ." U.S. Const. amend. VIII. "Eighth Amendment scrutiny is appropriate only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). In other words, Eighth Amendment protections attach only "after conviction and sentence." Graham v. Connor, 490 U.S. 386, 392 n.6 (1989).

### 3. Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity balances the "need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Pearson v. Callahan, 555 U.S. 223, 231 (2009). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Id. (internal quotation marks and citations omitted).

The Supreme Court has established a two-step analysis for qualified immunity claims. See Saucier v. Katz, 533 U.S. 194, 201 (2001).[3] First, the court must determine "'whether the plaintiff

---

[3] The Supreme Court has held that the two-step analysis does not need to be taken in the sequence established in Saucier. Specifically, the Supreme Court held that "[t]he judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223,

has alleged the deprivation of an actual constitutional right at all and, if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1991)); see also Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000). If the court determines that no right has been violated, there is no need for further inquiry "because government officials cannot have known of a right that does not exist." Porterfield v. Lott, 156 F.3d 563, 567 (4th Cir. 1998).

**B. Analysis**

**1. Fourteenth Amendment**

Defendant Officers first address Plaintiff's claims under the Fourteenth Amendment. Citing County of Sacramento v. Lewis, 523 U.S. 833 (1998), Defendant Officers contend that police officers do not violate substantive due process when conducting high-speed automobile pursuits of suspected criminals. ECF No. 90-1 at 3. Defendant Officers argue that '"in such circumstances, only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation."' Id. (citing Lewis, 523 U.S. at 834). Defendant Officers assert that there is no evidence that they had an intent to cause harm, and therefore, Plaintiff's Fourteenth Amendment claim must fail. Id.

Defendant City contends that Plaintiff's Fourteenth Amendment claim is in error. ECF No. 91-1 at 7. Applying the "shock the conscience" standard outlined above, Defendant City asserts that there is no evidence that Defendant Officers intended to harm Plaintiff or Green. Id. at 9. Defendant City further argues that, prior to the Supreme Court's decision in Lewis, the Fourth Circuit

---

236 (2009). Additionally, the Supreme Court has held that "[d]eciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public." Wilson v. Layne, 526 U.S. 603, 609 (1999).

8

consistently applied the shock the conscience standard. Id. at 10; see Temkin v. Frederick County Com'rs, 945 F.2d 716 (4th Cir. 1991) (finding officer's conduct did not shock the conscience where high speed chase on crowded street resulted in suspect and officer colliding into plaintiff's vehicle); Rucker v. Hartford County, 946 F.2d 278, 281 (4th Cir. 1991) (not shocking to the conscience where police officer shooting at suspect's tires resulted in innocent bystander's death)). Based on these reasons, Defendant City contends that summary judgment should be granted as to this issue. Id. at 19.

In her response in opposition, Plaintiff argues that, in this case, "there is a constellation of facts" that can meet the "shock the conscience" standard. ECF No. 94 at 2. Plaintiff notes that, according to her expert witness Dr. George Kirkham ("Dr. Kirkham"), Defendant Officers did not have to engage in a high-speed pursuit to apprehend Green because there were alternatives available, including road blocks, stop sticks, and setting up a police perimeter. Id. at 3-4. Further, Plaintiff notes that Dr. Kirkham testified that Defendant Officers' conduct constitutes deliberate indifference because they prioritized immediate apprehension of Green over public safety. Id. at 4. Plaintiff also notes that Dr. Kirkham testified that Defendant Officers violated COC pursuit policy. Id. at 6. Finally, Plaintiff points out that Dr. Kirkham testified that the circumstances of this case shock "his conscience." Id.

Plaintiff asserts that while there are numerous opinions affirming summary judgment for officers in police pursuit cases, the facts of this case distinguish it from the cases cited in Defendants' memoranda in support of summary judgment. Id. at 9. Citing Feist v. Simonson, 222 F.3d 455 (8th Cir. 2000), Plaintiff asserts that the Eighth Circuit affirmed the district court's denial of an officer's motion for summary judgment. Id. at 10. Plaintiff contends that similar to the facts

9

in Feist, which can be distinguished from the facts of Lewis, her case involves (1) officers that could have identified the suspect and his vehicle without engaging in a pursuit; (2) a dangerous high speed chase in a residential/commercial area; (3) a suspect driving erratically; and (4) multiple police cars engaged in pursuit. Id. Given the expert testimony and the facts of this case, Plaintiff asserts that Defendants' motions for summary judgment should be denied because a reasonable jury could find that Defendant Officers' actions shock the conscience. Id.

### 2. Fourth Amendment

Defendant Officers argue that Plaintiff's Fourth Amendment claims fail. ECF No. 90-1 at 4. Defendant Officers contend that a police officer's pursuit of an individual does not constitute a seizure under the Fourth Amendment. Id. (citing Lewis, 523 U.S. at 834; California v. Hodari D., 499 U.S. 621, 626 (1991); Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989)). Defendant Officers further contend that absent physical force, an individual must submit to a police officer's show of authority before a Fourth Amendment seizure has taken place. Id. at 4-5 (citing Hodari D., 499 U.S. at 626). Defendant Officers assert that they neither seized, nor attempted to seize Plaintiff. Id. at 5. Defendant Officers also assert that Green's vehicle made physical contact with Plaintiff's vehicle, not their vehicles. Id. Based on these reasons, Defendant Officers maintain that there was no seizure implicating the Fourth Amendment. Id.

Defendant City asserts that Plaintiff's "claim fails under a Fourth Amendment analysis." ECF No. 91-1 at 5. Relying upon the same precedent as Defendant Officers, Defendant City contends that this police pursuit does not amount to a seizure for purposes of the Fourth Amendment. Id. Defendant City argues that there is a Fourth Amendment seizure only when the government causes a termination of a person's freedom of movement "through means intentionally applied." Id.

at 5. (citing Brower, 489 U.S. at 596-97). Citing Lewis, Defendant City contends that the officer in that case chased a suspect on a motorcycle for 75 seconds over 1.3 miles in a residential neighborhood at speeds of up to 100 mph. Id. Defendant City further explains that the motorcycle tipped over and the patrol car drove into the passenger, killing him. Id. at 6. Defendant City contends that the Supreme Court found no Fourth Amendment seizure because the contact with decedent was accidental, rather than through means intentionally applied. Id. at 5-6 (citing Lewis, 523 U.S. at 844). Further in support of its argument, Defendant City relies upon Rucker v. Hartford County, 946 F.2d 278 (4th Cir. 1991), where the Fourth Circuit found no Fourth Amendment seizure after an innocent bystander was accidentally shot during a police pursuit. Id. at 6. For these reasons, Defendant City[4] contends that neither Green (who did not submit to the officers' show of authority, and whose freedom of movement was accidentally terminated) nor Plaintiff (whom the officers did not intend to seize) were seized within the meaning of the Fourth Amendment. Id.

Plaintiff in her final response in opposition does not address Defendants' arguments with regard to the Fourth Amendment.

---

[4]
  Plaintiff's only claim against Defendant City is for negligence/gross negligence. However, Defendant City noted its confusion as to whether Plaintiff intended to bring a § 1983 claim against it. ECF No. 91-1 at 4 n. 4. As a result, Defendant City contends that it is not liable for Plaintiff's § 1983 claims and provided arguments in support of that position. Id. at 12-19. In her response to Defendants' motions for summary judgment, Plaintiff sets forth her allegations as follows:

  > Plaintiff's First Amended Complaint alleges causes of action for negligence/gross negligence against the City of Columbia and City of Columbia Police Department pursuant to the South Carolina Tort Claims Act and violation of the Plaintiff's constitutional rights against Officers Williams and Jordan pursuant to Sec. 42 U.S.C. 1983 . . . .

  ECF No. 94 at 1-2. The court does not need to address Defendant City's arguments contesting its liability for Plaintiff's § 1983 claims, as Plaintiff brings a § 1983 claim only against Defendant Officers, not Defendant City. ECF No. 36 at 1-2 ¶¶ 4, 5.

### 3. Fifth and Eighth Amendments

Defendant Officers also oppose Plaintiff's claims under the Fifth and Eighth Amendments. ECF No. 90-1 at 4-5. First, Defendant Officers contend that they are not liable under the Fifth Amendment. Id. at 4. In this regard, Defendant Officers argue that the Fourteenth and Fifth Amendments serve the same purpose and should be given consistent interpretation. Id. Thus, as Defendant Officers argue, the same reasons they are not liable under the Fourteenth Amendment apply under the Fifth Amendment. Id. Defendant Officers further assert that the Fifth Amendment applies to the federal government, not to the states. Id. Second, as to Plaintiff's Eighth Amendment claim, Defendant Officers argue that because there has been no formal adjudication of guilt, the Eighth Amendment does not apply. Id. For these reasons, Defendant Officers contend that summary judgment should be granted as to Plaintiff's Fifth and Eighth Amendment claims.

In her response in opposition, Plaintiff does not address Defendant Officers' arguments with regard to the Fifth and Eighth Amendments.

### 4. Qualified Immunity

Defendant Officers contend that if the court finds that Plaintiff's constitutional rights were violated, they are entitled to qualified immunity. ECF No. 90-1 at 5. Defendant Officers argue that they are entitled to qualified immunity from civil liability because their conduct did "'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. at 5-6 (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Citing Anderson v. Creighton, 483 U.S. 635 (1987), Defendant Officers argue that the court must consider the objective reasonableness of the action in light of the preexisting law. Id. at 6. Defendant Officers also argue that qualified immunity allows government officials to "'perform their duties free from the specter

of endless and debilitating lawsuits.'"  Id. (quoting Torchinsky v. Siwinski, 942 F.2d 257, 260-61 (4th Cir. 1991)).

Defendant Officers contend that their actions were reasonable whether the law was clearly established or not.  Id. at 7.  Further, Defendant Officers assert that if their actions are determined to be unreasonable, it would constitute a "drastic change in jurisprudence" such that it would show that the law was not clearly established.  Id.  For these reasons, Defendant Officers assert that they are entitled to qualified immunity in their individual capacities.  Id.

### 5. The Court's Review[5]

The court will first address Plaintiff's claims under the Fourth, Fifth, and Eighth Amendments.  First, with regard to Plaintiff's claim under the Fourth Amendment, there has been no suggestion that Plaintiff was searched.  Further, Plaintiff was not seized within the meaning of the Fourth Amendment.  Plaintiff has failed to show, or even argue, that Defendant Officers terminated her "freedom of movement *through means intentionally applied*."  Brower, 489 U.S. at 596-97 (emphasis in original).  In other words, Defendant Officers did not expect their pursuit of Green to result in a crash, rendering Plaintiff paralyzed.  Of relevance here, the Supreme Court has held that "no Fourth Amendment seizure . . . take[s] place where a 'pursuing police car [intends] to stop the suspect only by the show of authority represented by flashing lights and continuing

---

[5] As an initial matter, the court points out that neither Plaintiff nor Defendants have addressed the Unnamed Defendants in this action.  Further, Plaintiff simply names the Unnamed Defendants in her complaint (ECF No. 36 at 2 ¶ 6), but she does not direct any allegations against the Unnamed Defendants, whose true identities remain unknown.  The Fourth Circuit has recognized "the danger of permitting suits with unnamed parties to remain on the docket unprosecuted."  Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982).  "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice."  Id. (footnote omitted).  Because Plaintiff has failed to identify the Unnamed Defendants, the court dismisses the Unnamed Defendants from this action without prejudice.

pursuit,' but accidentally stop[s] the suspect by crashing into him." Lewis, 523 U.S. at 844 (quoting Brower, 489 U.S. at 597). Plaintiff's status as an innocent bystander does not change the applicability of this analysis. See Rucker v. Hartford County, 946 F.2d 278 (4th Cir. 1991) (applying Brower and finding no Fourth Amendment seizure where innocent bystander was accidentally shot during police pursuit). Moreover, there is no evidence that Defendant Officers' vehicles made physical contact with either Green's or Plaintiff's vehicles. See Brower, 489 U.S. at 597 ("If . . . the police cruiser had pulled alongside the fleeing car and sideswiped it, producing the crash, then the termination of the suspect's freedom of movement would have been a seizure."). Plaintiff's Fourth Amendment claim has no merit.

Second, Plaintiff's Due Process claim under the Fifth Amendment must also fail. As noted above, the Due Process Clause of the Fifth Amendment applies to the federal government, not state or local officials. Thus, the Fifth Amendment is inapplicable in this case, which involves municipal police officers. Finally, Plaintiff's Eighth Amendment claim is also in error. The facts of this case do not support an Eighth Amendment violation because there was no criminal conviction for which Plaintiff could have been punished. As such, the Eighth Amendment does not apply in this case. For the reasons stated above, Plaintiff's claims under the Fourth, Fifth, and Eighth Amendments have no merit.

Turning to Plaintiff's claims under the Fourteenth Amendment, Plaintiff has not established a violation of the Due Process Clause.[6] The evidence before the court does not show conduct

---

[6]

In her complaint, Plaintiff also asserts that she was denied Equal Protection under the Fourteenth Amendment. ECF No. 36 at 9 ¶ 46. Plaintiff has failed to allege facts in support of an equal protection claim. Further, the record reveals no evidence of unequal treatment. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently

14

"shocking to the conscience." More specifically, there is no evidence, and indeed Plaintiff does not even suggest, that Defendant Officers intended to harm Plaintiff. Police chases where an officer has "no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment . . . ." Id. In addition, Plaintiff's reliance upon Feist is in error. In Feist, the Eighth Circuit Court of Appeals applied the wrong standard, deliberate indifference, when it affirmed the district court's denial of the pursuing officer's motion for summary judgment. See Feist, 222 F.3d at 465 ("[T]his case is properly analyzed under the deliberate indifference standard of conscience shocking behavior."). Recognizing this error, the Eighth Circuit expressly overruled Feist. See Helseth v. Burch, 258 F.3d 867 (8th Cir. 2001) ("We now join those circuits and overrule Feist. We hold that the intent-to-harm standard of Lewis applies to all § 1983 substantive due process claims based upon the conduct of public officials engaged in a high-speed automobile chase aimed at apprehending a suspected offender.").[7] Plaintiff's claim under the Due Process Clause of the Fourteenth Amendment is without merit. Accordingly, Defendants' motions for summary judgment are granted with regard to this issue.

---

from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."). As such, Plaintiff's equal protection claim is without merit.

[7]

As relevant here, the Eighth Circuit in Helseth also found that the intent to harm standard applies "regardless of whether a suspect or bystander is hurt." Helseth, 258 F.3d at 872 (internal quotations and citation omitted). While the Fourth Circuit has not yet decided whether the intent to harm standard applies in the context of a police pursuit in which an innocent bystander is harmed, other United States Courts of Appeals have adopted this approach. See Ellis ex rel. Estate of Ellis v. Ogden City, 589 F.3d 1099, 1103 (10th Cir. 2009) (applying intent to cause harm standard where high-speed chase resulted in innocent bystander's death); Jones v. Byrnes, 585 F.3d 971, 977 (6th Cir. 2009) (using intent to harm standard where innocent bystander was killed after collision with fleeing robbery suspects); Bingue v. Prunchak, 512 F.3d 1169, 1174-75 (9th Cir. 2008) ("Lewis applies to injuries resulting from a high-speed police chase regardless of whether the injured victim was a fleeing suspect or an innocent bystander."); Bublitz v. Cottey, 327 F.3d 485, 491 (7th Cir. 2003) (finding no intent to harm where officer's use of tire deflation device during high-speed chase resulted in injury to innocent driver and death of his wife and child).

Furthermore, because Plaintiff has failed to establish a violation of her constitutional rights, the court need not address whether Plaintiff's asserted rights were "clearly established" for purposes of qualified immunity. See DiMeglio v. Haines, 45 F.3d 790, 799 (4th Cir. 1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted, based upon existing law, without the court ever ruling on the qualified immunity question."). Therefore, the court grants Defendant Officers' motion for summary judgment as to their affirmative defense of qualified immunity.

Having granted Defendants' motions for summary judgment on Plaintiff's claims pursuant to § 1983, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ([I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); 28 U.S.C. § 1367(c) (permitting district courts to decline supplemental jurisdiction over state claims when all federal claims have been dismissed). As such, Plaintiff's negligence/gross negligence claims pursuant to the Tort Claims Act are dismissed without prejudice.

### III. CONCLUSION

Upon careful consideration of the entire record, the court **GRANTS** Defendants' motions for summary judgment (ECF Nos. 90, 91) with respect to Plaintiff's claims pursuant to 42 U.S.C. § 1983. Plaintiff's claims pursuant to the South Carolina Tort Claims act are dismissed without

16

prejudice. Further, the Unnamed Defendants are dismissed from this action without prejudice.

**IT IS SO ORDERED.**

                                                 s/Margaret B. Seymour\
                                                 Margaret B. Seymour\
                                                 Senior United States District Judge

Columbia, South Carolina\
March 26, 2014